UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SINOTRANS LIMITED PROJECT TRANSPORTATION :
BRANCH CHINA,                                                    :
                                                                 :
                           Plaintiff,           :        08 Civ. _____
                                                                 :
            - against -                         :        ECF CASE
                                                                 :
GOKUL REFOILS & SOLVENT LTD. a/k/a GOKUL         :       **EX PARTE ORDER**
REFOILS AND SOLVENTS LIMITED,                    :       **FOR PROCESS OF**
                                                 :       **MARITIME**
                                                 :       **ATTACHMENT**
                           Defendant.            :
------------------------------------------------------------------X

**WHEREAS**, on April 11, 2008 Plaintiff, SINOTRANS LIMITED PROJECT TRANSPORTATION BRANCH CHINA, filed a Verified Complaint, herein for damages amounting to **$895,864.15** inclusive of interest, costs and reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal, or other designated process server, attach any and all of the Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist:

**NOW**, upon motion of the Plaintiff, it is hereby:

**ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and

monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of **$895,864.15** belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: April ____, 2008

**SO ORDERED:**

_____
U. S. D. J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SINOTRANS LIMITED PROJECT TRANSPORTATION :
BRANCH CHINA,                                                    :
                                                                 :
                        Plaintiff,                               :    08 Civ. _____
                                                                 :
        - against -                                              :    ECF CASE
                                                                 :
GOKUL REFOILS & SOLVENT LTD., a/k/a GOKUL                        :
REFOILS AND SOLVENTS LIMITED,                                    :
                                                                 :
                        Defendant.                               :
------------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                      )    ss: SOUTHPORT
County of Fairfield   )

Patrick F. Lennon, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

2.  I have attempted to locate the Defendant, GOKUL REFOILS & SOLVENT LTD. a/k/a GOKUL REFOILS AND SOLVENTS, LIMITED, within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant. Finally, I checked the New

York State Department of Corporations' online database which showed no listings or registration for the Defendant.

3. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

5. This is Plaintiff's first request for this relief made to any Court.

**PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

6. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold property of, for or on account of, the Defendant.

7. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

8.     To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.     Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10.     Further, in order to avoid the need to physically serve the garnishees/banks daily and repetitively, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

### PRAYER FOR RELIEF TO TEMPORARILY SEAL CASE

11. Upon information and belief, it is the practice of many law firms in the maritime bar to review the daily electronic docket sheet of the Southern District of New York for all maritime actions filed in the district and inform the defendant(s) named therein of any Ex Parte Orders of Attachment pending against them, thus defeating the purpose of the "Ex Parte" application.

12. Upon information of belief, it is the practice of certain publications, specifically Tradewinds, to publish the names of defendants named in Ex Parte Orders of Attachment, thus further defeating the purpose of the "Ex Parte" application.

13. Upon information and belief, Tradewinds has very recently publicized the names of parties in Rule B proceedings, the amount of the attachments, and other details of the actions, thereby further defeating the purpose of the "Ex Parte" application.

14. The Courts within the Southern District of New York have an interest in preserving the efficacy of the Ex Parte Orders issued therein.

15. The above interest supersedes the interest in maintaining a completely public docket, especially given that the public's access will only be limited temporarily until assets are attached and notice of attachment has been provided to the Defendant.

16. Indeed, the public's access to Ex-Parte Orders of Maritime Attachment defeats their entire purpose, by depriving Plaintiffs of the element of surprise and potential allowing Defendants to re-route their funds to avoid the attachment, thus making the attachment remedy hollow.

17.     For the foregoing reasons, Plaintiff requests that the Court issue an Order temporarily sealing the court file in this matter, including the Verified Complaint and all other pleadings and Orders filed and/or issued herein until further notice of this Court or notification to the clerk that property has been attached.

18.     This request is narrowly tailored to meet Plaintiff's needs. Once property is attached, the case should be unsealed, as the interest underlying sealing the case will have been largely eliminated.

Dated:      April 11, 2008
            Southport, CT

_____
Patrick F. Lennon

Sworn and subscribed to before me
this 11th day of April 2008.

_____
Commissioner of the Superior Court

—5—